UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ENVIRONMENTAL, SAFETY & HEALTH CONSULTING SERVICES, INC., AS OWNER OF THE VESSEL, M/V MRS. PATSY IN A CAUSE EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 25-1827<br><br>SECTION: "P" (3) |

**ORDER AND REASONS**

Before the Court is Complainant's Motion for Leave to File Third-Party Complaint.[1] Complainant, Environmental, Safety, and Health Consulting Services, Inc. ("ES&H"), seeks to file a third-party complaint against Private Workforce Solutions, L.L.C. ("PWS"), JRon Services, LLC ("JRon"), and their respective insurance carriers (Scottsdale Insurance Company and Texas Insurance Company).[2] PWS and JRon allegedly owe ES&H contractual defense and indemnity obligations relative to the claims against ES&H that underly this limitation action.[3]

"Rule 14(c) governs third-party practice in admiralty proceedings and, in some circumstances, allows a plaintiff to proceed directly against third-party defendants." *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 399 (5th Cir. 2003). Complainant is not technically a "defendant," but it nonetheless may proceed with filing a third-party complaint under Rule 14(c). *See In re Genesis Marine, LLC*, No. CV 24-2881, 2025 WL 1648968, at *2 & n.17  (E.D. La. May 14, 2025) (Brown, J.)

---

[1] R. Doc. 11.
[2] R. Doc. 11-4.
[3] R. Doc. 11-1 at 2.

(citing *In re Texas Petroleum Inv. Co.*, No. 24-2344, 2025 WL 1282686, at *3 (E.D. La. May 1, 2025) (Vitter, J.); *In re Teon Maria, LLC*, No. 12-1315, 2013 WL 12231273, at *4 (E.D. La. June 10, 2013) (Roby, M.J.); *In re Katrina Dredging Limitation Actions Consolidated Litigation*, No. 06-8676, 2008 WL 3876461, at *2 (E.D. La. Aug. 20, 2008) (Duval, J.)). As observed by Judge Vitter, permitting a third-party complaint in this circumstance serves to "reduce the possibility of inconsistent results in separate actions, eliminate redundant litigation, and prevent the disappearance of third parties." *See In re Texas Petroleum Inv.* 2025 WL 1282686, at *4.

Moreover, the Court finds that Complainant has invoked admiralty jurisdiction relative to its third-party complaint. Although the proposed pleading does not cite to Rule 9(h) as a basis for jurisdiction, ES&H expressly cites this provision elsewhere in the record to support the filing of the third-party complaint.[4] Further, the proposed pleading does cite to the general maritime law as a basis for subject matter jurisdiction. Thus, ES&H has provided a sufficient election to proceed under admiralty pursuant to Rule 9(h). *See Smith v. Oceaneering Mobile Workforce LLC*, No. CV 23-469, 2025 WL 3190514, at *2 (E.D. La. Nov. 14, 2025) ("[W]hile the 'preferred technique is to expressly invoke Rule 9(h),' 'a party need not make a specific reference to Rule 9(h) in order to fall under our admiralty jurisdiction.'") (quoting *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 345 (5th Cir. 1991)).

---

[4] R. Doc. 11-1 at 3.

Accordingly,

**IT IS ORDERED** that the Motion for Leave (R. Doc. 11) is **GRANTED** and that the proposed pleading be filed in the record.

New Orleans, Louisiana, this 3rd day of December, 2025.

                                      EVA J. DOSSIER
                          UNITED STATES MAGISTRATE JUDGE