**25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES**

**STATE OF LOUISIANA**

**DOCKET NO.** 69-793                                              **DIVISION "A"**

**JUSTIN CAMPBELL**

**VERSUS**

**ENVIRONMENTAL SAFETY & HEALTH CONSULTING SERVICES, INC. AND PRIVATE WORKFORCE SOLUTIONS, L.L.C.**

**FILED:** _____           _____
                                                                **DEPUTY CLERK**

**PETITION FOR DAMAGES**

**TO THE 25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES, STATE OF LOUISIANA AND THE JUDGES THEREOF:**

NOW INTO COURT, through undersigned counsel, comes Petitioner, Justin Campbell, who files this Petition for Damages and respectfully asserts, avers and alleges as follows:

1.

Named Petitioner herein is Justin Campbell, a person of majority age, lawfully domiciled at all material times in East Baton Rouge Parish, State of Louisiana.

2.

Named Defendants herein are:

(a) Environmental, Safety & Health Consulting Services, Inc., (hereinafter "ES&H") a corporation organized under the laws of the State of Louisiana domiciled at 1730 Coteau Road, Houma, Louisiana 70364, authorized to do and doing business in Louisiana at all material times; and

(b) Private Workforce Solutions, L.L.C. (hereinafter "PWS"), a limited liability company organized under the laws of the State of Louisiana domiciled at 1121 B Canal Boulevard, Thibodeaux, LA 70301, authorized to do and doing business in Louisiana at all material times.

Exhibit C

3.

Venue is proper in Plaquemines Parish because the wrongful conduct and/or harm forming the basis of this petition occurred in Plaquemines Parish.

## **BACKGROUND FACTS**

4.

On or about March 14, 2025, Petitioner, Justin Campbell, worked as a freelance commercial diver for JRon Services, LLC ("JRon"), for which freelance commercial diving work Petitioner earned $600.00 per day plus a per diem.

5.

On or about March 14, 2025, JRon assigned Petitioner to a vessel repair job for Spectrum Energy Company in Louisiana territorial waters off of the Louisiana coast.

6.

In order to access the offshore job site, Petitioner and a co-diver were transported from the EPS dock in Venice, Louisiana aboard the M/V MRS. PATSY, an oilfield hazmat response vessel owned, controlled and operated at all material times by Defendant, ES&H.

7.

Upon arrival at the EPS dock on the morning of March 14, 2025, the Petitioner met the vessel captain, a direct employee of Defendant PWS, who was the lone crew member, and who expressed concern to Petitioner regarding a breach in M/V MRS. PATSY's hull and a malfunctioning vessel radar, all of which conditions existed on the vessel prior to commencement of the voyage.

8.

Defendant ES&H did not require or provide any vessel orientation, safety instructions or otherwise instruct Petitioner and the co-diver about the vessel's safety equipment or emergency procedures.

9.

On or about March 14, 2025, at approximately 7:30 a.m., the M/V MRS. PATSY departed the EPS dock for the offshore work site and proceeded to run down the Mississippi River in heavy fog at a high rate of speed, believed to be 49 miles per hour.

10.

As the M/V MRS. PATSY proceeded south in the Mississippi River at a high rate of speed in near zero visibility, the vessel suddenly and without warning struck a navigation buoy, LLNR 12995, owned by the United States Coast Guard.

11.

The force of the allision moved buoy LLNR 12995 58 yards off station and caused Petitioner's body and head to hit the vessel structure on the port side.

12.

The vessel immediately began taking on water and sinking from bow to stern, which eventually required Petitioner, his co-diver and the vessel captain to abandon the vessel and enter the water in severely reduced visibility conditions.

13.

After an unknown period of time, all three men were rescued by the pilot vessel M/V SAMUEL A. CHURCH, whose Captain smelled diesel fuel and heard the three men screaming while in the water. The men were brought to a pilot house in Pilottown near the mouth of the Mississippi River.

14.

Petitioner was then taken by ambulance to University Hospital in New Orleans, Louisiana.

15.

As a result of the allision described herein, through no fault of his own, Petitioner suffered severe injury to his cervical spine, left clavicle, left arm and shoulder, jaw, teeth and brain, which injuries have required and continue to require medical treatment, now and into the foreseeable future.

## FOR THE FIRST CAUSE OF ACTION

16.

Petitioner re-avers and re-alleges all allegations of fact and law previously plead herein as if re-pled in their entirety.

17.

The incident described herein and resulting severe injuries to Petitioner were proximately caused by the negligence of Environmental, Safety & Health Consulting Services, Inc. as owner and operator of the M/V MRS. PATSY involved in the allision and dual employer of the captain, who negligently operated a vessel with a suspected hull breach and malfunctioning radar at a high rate of speed in zero visibility conditions on an inherently dangerous navigable waterway.

18.

As a consequence of the events and occurrences described herein and the resulting severe, painful and disabling injuries to Petitioner described herein, Petitioner is entitled to damages for past, present and future physical and mental pain and suffering, permanent physical and mental disability, past and future medical expenses, and loss of income and future wage earning capacity, all in an amount to be determined in this cause.

19.

Petitioner's claims against Defendant, Environmental, Safety & Health Consulting Services, Inc., are governed by the General Maritime Law of the United States and 28 U.S.C. § 1333(1), known as the "Savings to Suitors Clause", which preserves to the citizens of the various states the right to proceed in this court.

## AND FOR A SECOND CAUSE OF ACTION

20.

Petitioner repeats and re-avers each allegation of law and fact previously pled herein as if replead in their entirety.

21.

The incident described herein and resulting severe injuries to Petitioner were proximately caused by the negligence of Private Workforce Solutions, L.L.C. as direct employer of the vessel

4

captain who negligently operated a vessel with a suspected hull breach and malfunctioning radar at a high rate of speed in zero visibility conditions on an inherently dangerous navigable waterway.

22.

Defendant, Private Workforce Solutions, L.L.C. is legally responsible for the negligence and fault of the vessel captain described herein as his direct employer under the doctrine of *respondeat superior.*

23.

As a consequence of the events and occurrences described herein and the resulting severe, painful and disabling injuries to Petitioner described herein, Petitioner is entitled to damages for past, present and future physical and mental pain and suffering, permanent physical and mental disability, past and future medical expenses, and loss of income and future wage earning capacity, all in an amount to be determined in this cause.

24.

Petitioner's claims against Defendant, Private Workforce Solutions, L.L.C., are governed by the General Maritime Law of the United States and 28 U.S.C. § 1333(1), known as the "Savings to Suitors Clause", which preserves to the citizens of the various states the right to proceed in this court.

**AND FOR A THIRD CAUSE OF ACTION**

25.

Petitioner repeats and re-avers each allegation of law and fact previously pled herein as if replead in their entirety.

26.

The actions of ES&H in providing a vessel that had a pre-existing hull defect and malfunctioning radar system, combined with the actions of the captain in operating the vessel at a high rate of speed in dense fog, constitute gross negligence under the general maritime law, for which conduct Petitioner is entitled to claim and recover punitive damages in an amount to be determined in this cause.

5

27.

Petitioner's claims against Defendant, ES&H, are governed by the General Maritime Law of the United States and 28 U.S.C. § 1333(1), known as the "Savings to Suitors Clause", which preserves to the citizens of the various states the right to proceed in this court.

### AND FOR A FOURTH CAUSE OF ACTION

28.

Petitioner repeats and re-avers each allegation of law and fact previously pled herein as if replead in their entirety.

29.

The actions of the vessel captain in operating the vessel at a high rate of speed in dense fog constitute gross negligence under the general maritime law, for which conduct Petitioner is entitled to claim and recover punitive damages from the captain's direct employer, Private Workforce Solutions, L.L.C., in an amount to be determined in this cause.

30.

Petitioner's claims against Defendant, Private Workforce Solutions, L.L.C. are governed by the General Maritime Law of the United States and 28 U.S.C. § 1333(1), known as the "Savings to Suitors Clause", which preserves to the citizens of the various states the right to proceed in this court.

31.

Petitioner demands a jury on all claims and causes of action brought herein or by way of amended and/or supplemental petition.

**WHEREFORE**, Petitioner, Justin Campbell, prays for judgment in his favor and against Defendant, Environmental, Safety & Health Consulting Services, Inc. and Private Workforce Solutions, L.L.C., for compensatory damages in an amount reasonable under the circumstances of this cause, for punitive damages in an amount to be determined by this Honorable Court, for all taxable costs and interest, including pre-judgment interest, as allowed by law, and for any additional general and equitable relief which the circumstances of this cause may require.

Respectfully submitted,
**LEWIS, KULLMAN, STERBCOW & ABRAMSON, LLC**

_____
PAUL M. STERBCOW (#17817)
JESSICA L. IBERT (#33196)
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Fax: (504) 588-1514
sterbcow@lksalaw.com
jibert@lksalaw.com
Attorneys for Petitioner

**PLEASE SERVE**

**Environmental, Safety & Health Consulting Services, Inc.**
Through its registered agent:
Mike Hollander
70325 Highway 1077, Suite 300
Covington, LA 70433

**Private Workforce Solutions, L.L.C.**
Through its registered agent:
Paul D. Hale
755 Magazine Street
New Orleans, LA 70130

7